UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 8:19-cr-432-T-33CPT

LUCRETIA EUGENE MULLAN
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Lucretia Eugene Mullan's Motion for Compassionate Release (Doc. # 61), filed on November 23, 2020. The United States responded on December 11, 2020. (Doc. # 63). For the reasons set forth below, the Motion is denied.

**I.  Background**

On July 17, 2020, the Court sentenced Mullan to twenty months' imprisonment, followed by thirty-six months' supervised release, for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Doc. # 59). Mullan is thirty-five years old and her projected release date is January 23, 2022. (Doc. # 63 at 2).

In the Motion, Mullan requests compassionate release, presumably under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because the caregiver of her four children "isn't in the best health these days. She has Lupus." (Doc.

# 61 at 1). Alternatively, Mullan requests that she be placed in "early home confinement." (Id.). The United States has responded (Doc. # 63), and the Motion is now ripe for review.

## II.  Discussion

### A.  Request for Home Confinement

To the extent that Mullan's Motion requests that the Court grant her home confinement, it must be denied. The Court has no authority to direct the Bureau of Prisons ("BOP") to place Mullan in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Mullan's request for home confinement falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

### B. Request for Compassionate Release

The United States concedes that Mullan has exhausted her administrative remedies but argues that the Motion should be denied on the merits. (Doc. # 63 at 12). The Court concludes that, even if Mullan has exhausted her administrative remedies, the Motion must be denied because her circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) states that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018

expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Mullan bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Mullan alleges that her children's caregiver has Lupus, an autoimmune disease, she has not demonstrated "the death of the caregiver of the defendant's minor children" or that the caregiver's diagnosis has made her incapacitated. See Klatch v. United States, No. 8:17-cr-135-T-27JSS, 2020 WL

4

1694299, at *2 (M.D. Fla. Apr. 7, 2020) ("The contention is without merit, since there has been no death or incapacitation of the caregiver for his minor children[.]").

Thus, Mullan has not shown an extraordinary and compelling reason that justifies compassionate release and her Motion is denied. See United States v. Sam, No. 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (denying a motion for compassionate release because the defendant did not offer any evidence that the caregiver's sickness left her "currently unable to care for the children").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Lucretia Eugene Mullan's pro se Motion for Compassionate Release (Doc. # 61) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of December, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE